1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13

RAGHBIR SINGH,                          )
                                        )
            Petitioner,                 )        No. C 06-3698 CRB (PR)
                                        )
     vs.                                )        ORDER DENYING
                                        )        PETITION FOR A WRIT OF
BEN CURRY, Warden,                      )        HABEAS CORPUS
                                        )
            Respondent.                 )
_____ )

14
15

            Petitioner, a state prisoner incarcerated at the Correctional Training

16      Facility in Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. §

17      2254 challenging the California Board of Parole Hearings' ("BPH") August 31,

18      2005 decision to deny him parole.

19            Per order filed on November 7, 2006, the court found that petitioner's

20      claim that the BPH's decision finding him not suitable for parole does not

21      comport with due process appears colorable under § 2254, when liberally

22      construed, and ordered respondent to show cause why a writ of habeas corpus

23      should not be granted.  Respondent has filed an answer to the order to show cause

24      and petitioner has filed a traverse.

25                                    **BACKGROUND**

26            On March 6, 1987, petitioner pled guilty to second degree murder in

27      Fresno County superior court and was sentenced to an indeterminate term of 15

28      years to life in state prison with the possibility of parole.

1    Petitioner was denied parole until August 5, 2004, at which time the BPH

2    found him suitable for parole and granted him a parole date.  Shortly thereafter,

3    the governor reversed the BPH's decision, however.

4    Petitioner received another parole suitability hearing on August 31, 2005;

5    but unfortunately for him, the BPH found him not suitable for parole and denied

6    him a subsequent hearing for one year.

7    Petitioner challenged the BPH's August 31, 2005 decision in the state

8    superior, appellate and supreme courts.  After the Supreme Court of California

9    denied his petition for review on May 10, 2006, the instant federal petition for a

10   writ of habeas corpus followed.

**DISCUSSION**

11

12   A.    Standard of Review

13   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

14   codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas

15   petition by a state prisoner in custody pursuant to a state court judgment, even

16   when the petitioner is not challenging his underlying state court conviction."

17   White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004).  Under AEDPA, this

18   court may entertain a petition for habeas relief on behalf of a California state

19   inmate "only on the ground that he is in custody in violation of the Constitution

20   or laws or treaties of the United States."  28 U.S.C. § 2254(a).

21   The writ may not be granted unless the state court's adjudication of any

22   claim on the merits: "(1) resulted in a decision that was contrary to, or involved

23   an unreasonable application of, clearly established Federal law, as determined by

24   the Supreme Court of the United States; or (2) resulted in a decision that was

25   based on an unreasonable determination of the facts in light of the evidence

26   presented in the State court proceeding."  Id.  at § 2254(d).  Under this deferential

27

28                                           2

standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

B.    Legal Claims and Analysis

Petitioner seeks federal habeas corpus relief from the BPH's August 31, 2005 decision finding him not suitable for parole, and denying him a subsequent hearing for one year, on the ground that the decision does not comport with due process. Petitioner claims that the BPH's decision is not supported by some evidence in the record having an indicia of reliability. Petitioner also claims that the Supreme Court decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), preclude the BPH from using factors not specifically found by a jury to determine parole suitability; that the state's parole regulations are unconstitutionally vague; and that the "some-evidence" standard is contrary to clearly established Supreme Court precedent.

California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of

incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). In making this determination, the board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime. See Cal. Code Regs. tit. 15, § 2402(b) – (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole" which cannot be denied without adequate procedural due process protections. Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). It matters not that, as is the case here, a parole release date has not been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003).

Petitioner's due process rights require that "some evidence" support the parole board's decision finding him unsuitable for parole. Sass, 461 F.3d at 1125 (holding that the "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985), applies to parole decisions in § 2254 habeas petition); Biggs, 334 F.3d at 915 (same); McQuillion, 306 F.2d at 904 (same). This "some evidence" standard is minimally stringent and ensures that "the record is not so devoid of evidence that the findings of [the BPT] were without support or otherwise arbitrary." Hill, 472 U.S. at 457. Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455-56 (quoted in Sass, 461 F.3d at 1128).

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability. Biggs, 334 F.3d at 915; McQuillion,

4

306 F.3d at 904.  Relevant in this inquiry "is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board."  Morales v. California Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994), rev'd on other grounds, 514 U.S. 499 (1995).  In sum, if the parole board's determination of parole unsuitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision.  Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).

The record shows that the BPH panel afforded petitioner and his counsel an opportunity to speak and present their case at the hearing, gave them time to review petitioner's central file, allowed them to present relevant documents and provided them with a reasoned decision in denying parole.

The panel concluded that petitioner "is not suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if he was released from prison."  Aug. 31, 2005 Hr'g Tr. at 46 (Resp't Ex. 5).  The panel explained that it found that the offense was carried out in an especially cruel and callous manner, demonstrating an "exceptionally callous disregard for human suffering" because petitioner argued with his wife over her infidelity and a broken lunch engagement and, in front of their four-year-old son, called her a "hooker," grabbed her by the hair, pulled her down to the floor and slit her throat.  Id. at 46-47.  He then stabbed her 19 times, including a deep stab wound to the heart.  The panel found that the motive for the crime was inexplicable or very trivial in relation to the offense  – petitioner was angry at his wife for her infidelity and threat to leave him.  Id. at 48.  Petitioner had no previous history of violence, which the panel found "makes this crime particularly horrific."  Id.

The panel noted that petitioner's correctional counselor opined that he would pose a moderate degree of threat to the public if released from prison and

would benefit from maintaining a disciplinary-free record and participating in self-therapy.  See id. at 22-23; May 2005 Life Prisoner Evaluation Report at 4 (Resp't Ex. 3); June 2004 Life Prisoner Evaluation Report at 5-6 (Resp't Ex. 3). It also noted that the psychologist evaluator opined that petitioner's potential for violence was no more than that of the average citizen in the community; however, the evaluator expressed concern that petitioner minimized his responsibility for the murder by blaming his wife.  See Aug. 31, 2005 Hr'g Tr. at 25, 26, 49; Dec. 2002 Psychological Evaluation at 7-8 (Resp't Ex. 4).  The panel took particular issue with this observation.

After questioning petitioner extensively about his understanding of the nature and magnitude of the offense, the panel noted:

> . . . Mr. Singh you minimized your role and responsibility in the commitment offense by blaming your wife for infidelity and substance abuse.  You criticize the accuracy of the details in the court transcript.  In the fairness of the proceedings.  You claim you blacked out before the victim was stabbed and only regained consciousness after the incident.  You wrote a bold statement to the former chairwoman of the Board of Prison Terms, quote of you lie everybody believe it, if you tell the truth nobody believe it. Apparently motivated to convince the board of the accuracy of your self-serving version of the commitment offense.  However your AA participation while insisting you are not an alcoholic tarnishes your credibility.  You seem completely unwilling to come to grips with the commitment offense . . . .  This lack of insight combined with questionable credibility prevents me from concluding that your release would not pose an unreasonable risk to public safety.

Id. at 50-51.

The panel commended petitioner for remaining disciplinary-free and receiving exceptional work reports from the clothing room where he works in prison; however, the panel concluded that "these positive aspects of your behavior doesn't [sic] outweigh the factors of unsuitability in this particular crime which was horrendous, callous."  Id. at 50.  "We feel Mr. Singh lacks insight into the crime . . . ."  Id.

6

The state superior court upheld the decision of the BPH and the state appellate and supreme courts summarily affirmed.  The superior court reviewed the record presented by petitioner and concluded that it "does not establish any error warranting the requested relief."  In re Dushun White, No. 06-BH002801, slip op. at 3 (Cal. Super. Ct. Oct. 21, 2004) (Resp't Ex. 6).  By citing In re Rosenkrantz, 29 Cal. 4th 616 (2002); Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003); and Rosas v. Nielsen, 428 F.3d 1229 (9th Cir. 2005), the court indicated that the BHP's decision was supported by some evidence in the record.

The state court's rejection of petitioner's due process claim was not contrary to, or an unreasonable application of, the Hill standard, or was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).  The BPH's August 31, 2005 decision to deny petitioner parole is supported by some evidence in the record and that evidence bears some indicia of reliability.  See, e.g., Rosas, 428 F.3d at 1232-33 (upholding denial of parole based on gravity of offense and psychiatric reports); Biggs, 334 F.3d at 916 (upholding denial of parole based solely on gravity of offense and conduct prior to imprisonment); Morales, 16 F.3d at 1005 (upholding denial of parole based on criminal history, cruel nature of offense, and need for further psychiatric treatment).  The inquiry under Hill is simply "whether there is any evidence in the record that could support the conclusion reached by the [BPT]."  Hill, 474 U.S. at 455-56 (emphasis added).  There is – petitioner murdered his wife in an especially heinous, atrocious and cruel manner, slitting her throat in front of their four-year-old son and stabbing her 19 times thereafter; the counselor's report was not completely positive, opining that petitioner posed a moderate risk of threat to the public if released; the psychologist's report raised concerns about petitioner's blaming his wife for her murder; and petitioner exhibited a lack of insight into the

crime during questioning by the panel.  Cf. Cal. Code Regs. tit. 15, § 2402(c) & (d) (listing circumstances tending to show unsuitability for parole and circumstances tending to show suitability).  It is not up to this court to "reweigh the evidence."  Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994).  The panel's legitimate concern with petitioner's lack of insight into the horrific murder of his wife constitutes some evidence under Hill.  See Hill, 474 U.S. at 455-56 (inquiry under Hill is simply whether there is any evidence in the record that could support the conclusion reached by the BPH); see also Cal. Code Regs. tit. 15, § 2402(d) (3) (understanding of the nature and magnitude of the offense is a factor tending to show suitability).

Petitioner also claims that the Supreme Court decisions in Apprendi v New Jersey, 530 U.S. 466 (2000), and Blakely v Washington, 542 U.S. 296 (2004), preclude the BPH from using factors not specifically found by a jury to determine parole suitability; that the state's parole regulations are unconstitutionally vague; and that the "some-evidence" standard is contrary to clearly established Supreme Court precedent.  None of the claims have merit.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  The Court later clarified in Blakely that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings.  Blakely, 542 U.S. at 303-04.  The Apprendi rule does not apply here because the decision to deny parole neither

increases the maximum penalty for second degree murder (15 years to life) nor increases petitioner's sentence (15 years to life). Regardless, federal habeas relief is unavailable because Apprendi and its progeny are not clearly established Supreme Court precedent in the parole suitability context. See 28 U.S.C. § 2254(d).

Petitioned argues that the phrase "especially heinous, atrocious, or cruel" in California Code of Regulations title 15 section 2404(c)(1) is unconstitutionally vague. But he fails to acknowledge that the language following this phrase provides a list of five factors to consider when determining whether a crime is especially "heinous, atrocious or cruel," including the presence of multiple victims, the abuse or mutilation of the victim and a trivial motive for the crime. See Cal. Code Regs. tit. 15, § 2402(c)(1)(A)-(E). The term "especially heinous, atrocious, or cruel," as further limited by five detailed factors/sub-definitions, is not constitutionally vague. Cf. Arave v. Creech, 507 U.S. 463, 470-78 (1993) (finding Idaho death penalty statute citing as an aggravating factor crimes carried out in an "utter disregard for human life" not constitutionally vague because limiting construction had been adopted which defined factor as those crimes demonstrating "the utmost disregard for human life, i.e., the cold-blooded pitiless slayer"). The state courts' rejection of petitioner's claim was not an objectively unreasonable application of clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d).

Petitioner argues that the application of the "some evidence" standard to parole suitability decisions is contrary to, or an unreasonable application of, Supreme Court precedent. Not so. The Ninth Circuit has made clear that the "some evidence" standard identified by the Supreme Court in Hill is clearly established federal law in the parole context. See Irons v. Carey, No. 05-15275,

9

1   2007 WL 2027359, at *3 (9th Cir. July 13, 2007); <u>Sass</u>, 461 F.3d at 1128-29.  No

2   Ninth Circuit precedent, much less Supreme Court precedent, even suggests a

3   more stringent standard in the parole suitability context.  <u>Accord</u> <u>Nikooseresht v.</u>

4   <u>Curry</u>, No. C 06-4357 MHP (PR), 2007 WL 2088558, at *8 (N.D. Cal. July 18,

5   2007) (rejecting petitioner's claim that the state must prove his unsuitability for

6   parole by a preponderance of the evidence).

7                                   **CONCLUSION**

8              For the reasons set forth above, the petition for a writ of habeas corpus is

9   DENIED.

10             The clerk shall enter judgment in favor of respondent and close the file.

11  SO ORDERED.

12  DATED:  November 5, 2007        _____

13                                  CHARLES R. BREYER
                                    United States District Judge

28  G:\PRO-SE\CRB\HC.06\Singh1.denial.wpd